UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDGEWOOD HIGH SCHOOL
OF THE SACRED HEART, INC.,

        Plaintiff,

        v.                                      Case No. 3:19-cv-683-wmc

CITY OF MADISON, WISCONSIN,
Zoning Administrator MATTHEW
TUCKER, in his official capacity, and
Director of Madison's Building Inspection       JURY TRIAL DEMANDED
Division GEORGE HANK, in his
official capacity,

        Defendant.

---

**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT PLAN**

---

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Governing Preliminary Pretrial Conferences, Plaintiff Edgewood High School of the Sacred Heart, Inc., ("Plaintiff" or "Edgewood") and Defendants City of Madison, Zoning Administrator Matthew Tucker, and Building Inspection Division Director George Hank ("Defendants") submit the following Joint Preliminary Pretrial Conference Report. The initial telephone pretrial conference is scheduled for November 19, 2019 at 1:00 PM before Magistrate Judge Stephen L. Crocker.

1. **Rule 26(f)(1) Conference of the Parties**

Counsel for the parties conferred as required by Rule 26(f)(1) on November 5, 2019. Noel W. Sterett of Dalton & Tomich, PLC, and Matthew D. Lee of Foley & Lardner, LLP, represented Edgewood. Barry J. Blonien of Boardman & Clark LLP, represented Defendants.

2. **Nature of the Case**

1

Edgewood's Position:  This is a religious land use suit which challenges the manner in which the City has implemented and imposed land use regulations to restrict Edgewood's use of its property and deny Edgewood the electrical permit it needs to install outdoor lighting and use its property in furtherance of its religious mission. Edgewood asserts federal claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc et seq., the United States Constitution, and state law claims over which the Court may exercise supplemental jurisdiction:

FEDERAL CLAIMS

| | |
|---|---|
| Count I: | RLUIPA "Equal Terms" Provision, 42 U.S.C. § 2000(b)(1). |
| Count II: | RLUIPA "Substantial Burden" Provision, 42 U.S.C. 2000(a)(1). |
| Count IV: | First Amendment to the United States Constitution (made applicable through the Fourteenth Amendment) |
| Count V: | Due Process – Void for Vagueness |

STATE CLAIMS

| | |
|---|---|
| Count III: | Wisconsin Statute § 62.23(7)(e)10, State Law Certiorari Review |
| Count VI: | Wisconsin Constitution (Art I, §18), Impermissible Burden on Religious Exercise |
| Count VII: | State property rights/Vested Right |
| Count VIII: | Madison General Ordinance § 10.085; Mandamus |

Edgewood's claims seek declaratory and injunctive relief as well damages and attorneys' fees under all relevant provisions of both federal and state law.

Defendants' Position:  Edgewood has brought this lawsuit challenging the manner in which the City has implemented and applied land use regulations with respect to Edgewood's use of its property and, in particular, the athletic field located at the school. Defendants deny that they are

4819-4245-1372

liable under any of the legal theories that Edgewood has asserted and dispute that Edgewood is entitled to any relief.

**3.      Names of Related Cases**

There are no related cases.

**4.      Material Factual and Legal Issues**

Edgewood's Position:

The material factual and legal issues in this case include, but are not limited to:

(1) Whether Edgewood, as a Catholic high school, qualifies as a "religious institution" under RLUIPA, 42 U.S.C. § 2000cc et seq.? (Dkt. 18, Defendants' denial in Answer at ¶ 11.)

(2) Whether the City is responsible for its ordinances as well as the acts, omissions, and interpretations of its zoning administrator, agents, boards, and councils? (Dkt. 18, Defendants' denial in Answer at ¶ 13.);

(3) Whether Edgewood is entitled to use its athletic field for uses related to the school's religious mission, including without limitation to host games, as secondary uses and as a matter of law under Madison's Zoning Code, M.G.O. §§ 28.097(3)? (Dkt. 18, Defendants' denial in Answer at ¶¶ 61-62.);

(4) Whether Edgewood has a legal right under Wisconsin law to use its athletic field to host games, given its established and consistent use for that purpose for nearly a century? (Dkt. 18, Defendants' denial in Answer at ¶ 63.)

(5) Whether Edgewood's ability to continue to use its field for activities related to its primary religious mission, including games, falls within RLUIPA's definition of "religious exercise," 42 U.S.C. § 2000cc-5(7)(A)? (Dkt. 18, Defendants' denial in Answer at ¶ 63.)

(6) Whether Edgewood has, for nearly a hundred years, lawfully and openly used its track and field to host athletic contests and other activities in furtherance of its religious mission and values? (Dkt. 18, Defendants' denial in Answer at ¶ 23.);

(7) Whether athletics has been a primary way in which Edgewood accomplishes its Catholic mission to educate the whole student, teach personal responsibility, and instill and promote the Sinsinawa Dominican values? (Dkt. 18, Defendants' denial in Answer at ¶ 30.);

(8) Whether Edgewood's teams have continuously used its athletic field for events like football, soccer, track and field, baseball, and summer sports camps? (Dkt. 18, Defendants' denial in Answer at ¶ 36.)

(9) Whether Master Plans govern the development of structures, not an institution's existing or future uses of or activities on property? (Dkt. 18, Defendants' denial in Answer at ¶ 73.)

(10) Whether Defendants have imposed or implemented land use regulations in a matter that treats Edgewood on less than equal terms with any one of the non-religious institutions located and operating within the City's Campus-Institutional District? (Dkt. 18, Defendants' denial in Answer at ¶¶ 162-173.)

(11) Whether Defendants have imposed or implemented land use regulations in a manner that imposed or imposes a substantial burden on Edgewood's religious exercise? (Dkt. 18, Defendants' denial in Answer at ¶¶ 183-195.)

(12) Whether the Defendants have made an "individualized assessment of Edgewood's land uses within the meaning of 42 U.S.C. § 2000cc(a)(2)(C)? (Dkt. 18, Defendants' denial in Answer at ¶ 179.)

(13) Whether the City's imposition of its land use regulations on Edgewood's use of its field affects "commerce among the several States" within the meaning of 42 U.S.C. § 2000cc(a)(2)(B)? (Dkt. 18, Defendants' denial in Answer at ¶ 180.)

4819-4245-1372

(14) Whether Defendants can show that the burdens imposed on Edgewood are necessary to further a compelling government interest and is the least restrictive means of furthering any such interest under 42 U.S.C. § 2000cc-2(b)? (Dkt. 18, Defendants' denial in Answer at ¶ 186.)

(15) Whether Edgewood was wrongfully aggrieved by the Zoning Board of Appeals decision concerning its right to use its property? (Dkt. 18, Defendants' denial in Answer at ¶ 201.)

(16) Whether the City's prohibition of Edgewood's use of its field for any activities other than team practices and physical education classes violates Edgewood's and its students' First Amendment freedoms? (Dkt. 18, Defendants' denial in Answer at ¶¶ 204-213.)

(17) Whether Defendants' citations issued to Edgewood for the use of its field for "athletic contests" are void for vagueness? (Dkt. 18, Defendants' denial in Answer at ¶ 216.)

(18) Whether Defendants have unlawfully infringed Edgewood's exercise of its sincerely held religious beliefs as protected by Article I, Section 18 of the Wisconsin State Constitution? (Dkt. 18, Defendants' denial in Answer at ¶ 230.)

(19) Whether Edgewood acquired a vested right and is entitled to receive an electrical permit under state law and Madison's general ordinances? (Dkt. 18, Defendants' denial in Answer at ¶ 240.)

(20) Whether an order of mandamus should issue requiring Defendants to issue the approved electrical permit? (Dkt. 18, Defendants' denial in Answer at ¶ 249.)

(21) The nature and extent of Edgewood's damages, if any.

(22) Whether Defendants can establish any of their affirmative defenses.

Defendants' Position: Defendants deny that they are liable under any of the legal theories that Edgewood has asserted and dispute that Edgewood is entitled to any relief. Defendants do not agree that all of the issues listed by Edgewood will need to be addressed at trial because they expect

that some of those disputes will be resolved through the discovery process and motion practice. To the extent a trial is held in this case, liability and damages under each of the various legal theories will likely need to be resolved, as well as the affirmative defenses Defendants have asserted in this matter.

5. **Description of Amendments to Pleadings That Any Party Intends to Make**

The Madison City Council is scheduled to vote on an ordinance to withdraw Edgewood's Master Plan in January 2020. The outcome of that vote could impact some of the issues presented in this case. The parties agree that each should have until January 31, 2020, to file an amended or supplemented pleading as of right, and if either elects to do so, any right to respond should be in accordance with F.R.C.P. 15(a)(3).

6. **New Parties to be Added**

The parties do not expect that any new parties will be added. However, the parties reserve the right to seek leave to add individual parties should discovery warrant their addition, and to object to the addition of any new parties proposed.

7. **Estimated Trial Length**

Plaintiff estimates that a jury trial in this matter will require five to eight days. Defendants estimate that this case will require less than five business days.

8. **Settlement**

The parties have had, and remain open to, settlement discussions. Though the parties agree that mediation or alternative dispute resolution is likely premature at this time, the parties remain open to the possibility of mediation at some point in the litigation.

9. **Matters Affecting Rule 16(f); Other Matters to a Just, Speedy, and Inexpensive Disposition of the Case;**

   A. *Potential Early Dispositive Motion*. As noted above, the Madison City Council is scheduled to vote on an ordinance to withdraw Edgewood's Master Plan in January 2020. If the City Council approves that ordinance, Defendants anticipate that they will seek dismissal of some or all of the claims if Edgewood does not withdraw or amend

6

4819-4245-1372

them. In that event, because Defendants would need to rely upon matters outside the pleadings (namely, the proceedings before the City Council), Defendants would seek leave to file a short dispositive motion addressing the impact of that vote while preserving the right to file a later dispositive motion nearer to the close of discovery. Edgewood reserves its rights to contest such a motion on procedural and substantive grounds. Edgewood further submits that the Court should impose a deadline on Defendants for filing such a motion of February 21, 2020, which date is 21 days after Edgewood's deadline for amending its complaint.

    B. *Protective Order*. The parties expect to submit to the Court a stipulation for the entry of a protective order because certain documents and information that may be discoverable or referenced in filings with the Court may contain proprietary, private, or otherwise confidential information.

    C. *Initial Disclosures*. The parties have agreed that they will exchange initial disclosures pursuant to Rule 26(a)(1)(A) by December 10, 2019. With respect to the requirement in Rule 26(a)(1)(a)(ii) to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment," the parties agree that each may provide a description by category and location of such documents by December 10 in lieu of producing copies of such documents identified in their Rule 26 initial disclosures. This paragraph does not modify a party's obligation to produce such documents in discovery if requested.

    D. *Discovery Plan*.

4819-4245-1372

      i.    <u>Close of Discovery</u>:  The parties propose that the deadline for completion of discovery should be October 1, 2020.  All written discovery requests shall be served in time to be completed on or before that date.

      ii.    <u>Subjects</u>:

The parties anticipate that discovery will be required on all issues relevant to a determination of liability and damages under the claims that Edgewood has asserted in this case, as well as Defendants' affirmative defenses.

      iii.    <u>Electronically Stored Information</u>:  The parties agree that discovery in this case will likely involve some electronically stored information ("ESI"). Counsel have agreed to meet and confer in an attempt to reach agreement on search terms and protocols to be employed in locating responsive ESI and on procedures for review and production of paper documents.

      iv.    <u>Changes to Discovery Limitations</u>.  At present, the parties do not believe any changes to the discovery limitations are necessary. The parties will attempt to resolve any discovery issues in good faith before bringing such issues to the Court, but each reserves its rights to do so, including to seek modifications to the discovery limitations, if necessary.

6.    <u>Privilege Issues</u>.  The parties are not currently aware of any unique privilege issues that will likely surface in this case.  In addition to the protections in Fed. R. Civ. P. 26(b)(5)(B), the parties' proposed stipulated protective order will address privilege issues and the claw-back of inadvertently-produced privileged documents or information.

D.    <u>Other Deadlines</u>.  The parties jointly propose the following deadlines:

      i.      Disclosure of experts:

          (1)    Deadline for party with the burden of proof on any issue requiring expert testimony: **May 1, 2020**

          (2)    Responding party's deadline: **July 1, 2020**

      ii.     Discovery cutoff: **October 1, 2020**

      iii.    Deadline for filing dispositive motions: **October 22, 2020.** The deadline for filing oppositions should be 30 days after the filing of the motion, and the deadline for filing any reply should be 15 days after the filing of the opposition.

      iv.    Settlement letters: **January 19, 2021**

      v.     Rule 26(a)(3) disclosures and motions *in limine*: **January 29, 2021**

          (1)    Objections: **February 18, 2021**

      vi.    Final Pretrial Conference: **March 1, 2021**

      vii.   Trial: **March 22, 2021**

Dated this 14th day of November, 2019.

| | |
|---|---|
| **Edgewood High School of the Sacred Heart, Inc.** | **The City of Madison, the City of Madison Zoning Board of Appeals, Matt Tucker (official capacity) and George Hank (official capacity)** |
| By: /s/ *Noel W. Sterett*<br>As Counsel for Plaintiff<br>Noel W. Sterett (*Pro Hac Vice*)<br>Larry Opalewski (*Pro Hac Vice*)<br>DALTON & TOMICH, PLC<br>504 N. State Street<br>Belvidere, IL 61008<br>(815) 986-8050 (telephone)<br>(313) 859-8888 (facsimile)<br>nsterett@daltontomich.com<br>lopalewski@daltontomich.com | By: /s/ *Barry J. Blonien*<br>As Counsel for Defendants<br>Barry J. Blonien (State Bar No. 1078848)<br>Sarah A. Zylstra (State Bar. No. 1033159)<br>Amanda J. Kaiser (State Bar No. 1006584)<br>BOARDMAN & CLARK LLP<br>1 South Pinckney Street, Suite 410<br>P. O. Box 927<br>Madison, WI 53701-0927<br>Telephone: (608) 257-9521<br>Facsimile: (608) 283-1709<br>bblonien@boardmanclark.com<br>szylstra@boardmanclark.com |

4819-4245-1372

akaiser@boardmanclark.com

Matthew D. Lee (State Bar No. 1061375)
FOLEY & LARDNER LLP
150 E. Gilman Street
P.O. Box 1497
Madison, WI 53701-1497
(608) 257-5035 (telephone)
(608) 258-4258 (facsimile)
mdlee@foley.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 14, 2019, a copy of the foregoing was served electronically, via CM/ECF, on all counsel of record.

/s/ *Noel W. Sterett*___

Noel W. Sterett